# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAFTON RANDLE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-146-M |
| | ) | |
| DAVID PARKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and for reasons set forth herein, it is recommended that the action be dismissed upon filing for lack of jurisdiction.

## I. BACKGROUND

By this action, Petitioner challenges his February 12, 2003, conviction by a jury on one count of first degree arson, for which he was sentenced to twenty years imprisonment. Petition, 2;[1] Case No. CF-2002-38, District Court of Blaine County, Docket. Petitioner appealed his conviction, and the Oklahoma Court of Criminal Appeals affirmed on January 6, 2004. Petition, 3; Case No. F-2003-168, Oklahoma Court of Criminal Appeals, Docket.

---

[1] The page numbers cited for the petition are the pre-printed numbers in the upper right hand corner of the "form" petition. Page 2 is actually the first page of the petition.

Petitioner's first application for state post-conviction relief was denied on May 26, 2005, and that denial was affirmed by the Oklahoma Court of Criminal Appeals on September 23, 2005. Petition, 3-4; Case No. CF-2002-38, District Court of Blaine County, Docket; Case No. PC-2005-612, Oklahoma Court of Criminal Appeals, Docket. Petitioner's second application for state post-conviction relief was denied on September 22, 2009, and that denial was affirmed by the Oklahoma Court of Criminal Appeals on January 25, 2010. Petition, 5; Case No. CF-2002-38, District Court of Blaine County, Docket; Case No. PC-2009-913, Oklahoma Court of Criminal Appeals, Docket.

Although Petitioner does not disclose such in his current petition, he has also previously filed a petition for a federal writ of habeas corpus with this Court. See Randle v. Ward, Case No. CIV-05-195-M, United States District Court for the Western District of Oklahoma. Petitioner raised three grounds in this previous federal habeas action: ineffective assistance of counsel, prosecutorial misconduct, and improper use of a peremptory challenge. Id. In that case, United States Magistrate Judge Robert E. Bacharach entered a Report and Recommendation recommending that the petition be denied on the merits, and that recommendation was adopted by Chief Judge Miles-LaGrange on July 13, 2005. Randle v. Ward, No. CIV-05-195 (W.D. Okla. July 13, 2005).

Petitioner initiated this case on February 12, 2010, raising four grounds for relief. He first alleges that he is factually innocent of the crime for which he was convicted. Petition, 6. For his second ground, Petitioner contends that the evidence at trial was insufficient to support his conviction. Id. at 8. In his third ground, Petitioner alleges ineffective assistance

of trial and appellate counsel. Id. at 9. In his fourth ground, Petitioner claims that the identification testimony at trial was based on impermissible procedures that lead to a mistaken identification. Id. at 11. For the following reasons, it is recommended that the action be dismissed for lack of jurisdiction.

## II. SCREENING REQUIREMENT

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. Likewise, courts are obliged to examine their jurisdiction sua sponte and dismiss any action where it is lacking. See Fed. R. Civ. P. 12(h)(3); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by . . . a court on its own initiative[] at any stage in the litigation . . . ." (internal citation omitted)); Hardiman v. Reynolds, 971 F.2d 500, 502 (10th Cir. 1992) (noting that "a court must raise a defense sua sponte if that defense implicates the court's subject matter jurisdiction."); Berryhill v. Evans, 466 F.3d 934, 938 (10th Cir. 2006) (Rule 60(b) motion was actually a second or successive § 2254 habeas petition over which the district court "lacked subject matter jurisdiction.").

The undersigned's initial review of the petition shows that it is second and successive to the above-referenced previous federal petition and that Petitioner has not obtained authorization to file a second petition as required by 28 U.S.C. § 2244(b)(3)(A). Thus, this Court is without jurisdiction to consider it. Furthermore, for the reasons stated below, the

3

undersigned finds that the action should be dismissed rather than transferred to the Tenth Circuit Court of Appeals.

## III. SECOND AND SUCCESSIVE PETITIONS

Title 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 by providing that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This statutory requirement for prior authorization is jurisdictional. See 28 U.S.C. § 2244(b)(3)(A); see also Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam) ("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals.").

Petitioner has neither alleged nor demonstrated that he sought or received prior authorization from the Tenth Circuit Court of Appeals necessary for consideration of the instant petition for federal habeas relief which challenges the conviction entered in Case No. CF-2002-38, District Court of Blaine County. Therefore, this Court is without jurisdiction to consider his petition.

Until recently, district courts routinely transferred unauthorized second and successive § 2254 petitions to the Tenth Circuit Court of Appeals for the requisite authorization pursuant to 28 U.S.C. § 1631, often operating under the assumption that such a transfer was required by Circuit precedent interpreting § 2244(b). See Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief under

§ 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631.").[2] However, the Tenth Circuit has now instructed that "Coleman should not be read to limit the traditional discretion given to district courts under § 1631." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Instead, the district court may either transfer the action to the Tenth Circuit pursuant to § 1631 for prior authorization if it is in the interest of justice to do so or dismiss it for lack of jurisdiction. Id.

Here, the undersigned finds that the interest of justice does not require transfer of this action to the Tenth Circuit Court of Appeals and that it should instead be dismissed. The three primary considerations governing a court's decision to transfer rather than dismiss are 1) whether the action was filed in good faith in the wrong court, 2) whether dismissal might make it difficult for the petitioner to comply with the one-year limitations period governing federal habeas petitions, and 3) whether the claims are likely to have merit. See In re Cline, 531 F.3d at 1251.

The first consideration does not support transfer because the statutory requirement for prior authorization of second or successive habeas petitions has been in effect for well over a decade, which makes it difficult for Petitioner to show that the initial filing of his petition

---

[2]Section 1631 provides in relevant part:

Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . .

5

in this Court was done in good faith. See In re Cline, 531 F.3d at 1252. Further, the fact that Petitioner denied that he had filed a previous habeas action in this court is some indication that Petitioner did not file the instant petition in good faith. See Petition, 13 (answer to Question 14).

Second, it does not appear that a dismissal will make it any more difficult for Petitioner to comply with the applicable limitations period because the petition–which challenges a conviction that was final in 2004–appears to now be barred by the period of limitations. Petitioner alleges that his petition should be considered timely because he "is actually and factually innocent" of the crime for which he was convicted. Petition, 14. "The actual innocence exception requires supporting 'allegations of constitutional error with new reliable evidence . . . that was not presented at trial' that is sufficient to 'show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence.'" Foldenaur v. Franklin, No. 07-6155, 261 Fed. Appx. 93, 96 (10th Cir. Jan. 15, 2008)[3] (quoting Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)) (alterations in original). Petitioner has not come forward with any new evidence but instead claims that the evidence at trial was not sufficient to convict him. Brief in Support, 5. This is not enough to toll the limitations period. Cummings v. Sirmons, 506 F.3d 1211, 1224 (10th Cir. 2007), cert. denied 128 S.Ct. 2943 (2008). ("Nowhere in Schlup did the Supreme Court indicate that it was sufficient for a petitioner to simply attack the evidence actually presented at his trial and

---

[3]Unpublished disposition cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

claim that, absent the admission of such evidence, there was not enough evidence to convict him. Rather, the Supreme Court . . . expressly held that a petitioner must come forward with new evidence, the admission of which would have made it more likely than not that he would have been acquitted."). Thus, the dismissal of the instant petition does not affect Petitioner's ability to challenge the conviction obtained in Case No. CF-2002-38, District Court of Blaine County.

Finally, a "peek at the merits" leads the undersigned to conclude that transfer of this action would raise "false hopes," and waste judicial resources on a case that is "clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000). As noted, any claims related to Petitioner's conviction are barred by the statute of limitations, have been for several years, and Petitioner has not identified any circumstances which may warrant tolling of the period of limitations. See Petition, 14. Accordingly, the undersigned finds that the interests of justice do not require transfer of this action.

Where there is "no risk" that a meritorious second claim will be lost, the Court does not abuse its discretion to dismiss rather than transfer. In re Cline, 531 F.3d at 1252. Accordingly, it is recommended that the petition be dismissed for lack of jurisdiction due to Petitioner's failure to obtain an order authorizing the district court to consider his second or successive petition for a writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3).

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus be **DISMISSED** without prejudice for lack of jurisdiction. Petitioner is

advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by March 29, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at [fhc.docket@oag.state.ok.us.](mailto:fhc.docket@oag.state.ok.us) This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 9th day of March, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE